CHARLES M. FIELD vs. WILLIAM CRAWFORD, JR. & Trustees.

A mortgagee of real estate, to whom policies of insurance, obtained by the mortgagor, to an amount exceeding the mortgage debt, and by him assigned to a subsequent purchaser of the equity of redemption, are assigned by the latter as collateral security for the payment of the mortgage debt, with a stipulation in the assignment that "any surplus of the proceeds of said policies is to be paid to " a certain creditor of such owner of the equity, is not liable, on receiving such surplus from the insurers, to an action for the surplus by such creditor, nor to be charged therefor as his trustee in foreign attachment.

TRUSTEE PROCESS. The principal defendant was defaulted, and the question whether the Middlesex Institution for Savings were chargeable as his trustees, was submitted to the decision of the court upon a statement of facts, of which the only part material to the point decided was, that the alleged trustees being the holders of a note for $6,000, secured by mortgage on a house and land; and certain policies of insurance on the house, obtained by the mortgagor, having been duly assigned to a subsequent purchaser of the equity of redemption, and by him, with the consent of the insurers, assigned to said trustees, "as security for the same debt, and any surplus of the proceeds of said policies is to be paid over to William Crawford, Jr. or his assigns;" the house was destroyed by fire, and said trustees received from the insurers the whole amount of the insurance.

The plaintiff contended that the institution for savings, by accepting the assignment, agreed to pay over the surplus, remaining after payment of their mortgage debt, to this defendant; that, having accepted this fund without objection to the terms on which it was delivered to them, they would be liable to the defendant in an action at law for the surplus; or if not so liable, still, having a fund in their hands belonging to him, would be answerable for it to his creditors in this process.

J. Lowell, for the plaintiff.

E. R. Hoar & G. Heywood, for the trustees.

METCALF, J. On several of the questions which the agreed facts present, and which have been ably and thoroughly argued, we express no opinion; because there is one ground on which,

Field *v.* Crawford & trustees.

in our judgment, the alleged trustees must be discharged from this process, whatever might be our opinion on the other points that have been argued.

Supposing the institution for savings to have in their possession money which they are not entitled to hold, as against the owner of the equity of redemption, yet we are of opinion that they do not hold it as trustees of Crawford, within the meaning of the Rev. Sts. *c.* 109. They received it on policies of insurance which were assigned to them, by the owner of the equity of redemption, as collateral security for the payment of the mortgage debt. The assignment contained this clause : " Any surplus of the proceeds of said policies is to be paid to William Crawford, Jr. or his assigns." This, if inserted *bona fide*, would doubtless justify the assignees of the policies in paying any surplus to Crawford ; but it does not render them liable to an action by him to recover the surplus. It does not make them his debtors. There is no privity of contract between him and them. And as it does not appear that he was a creditor of the assignor of the policies, and that the assignor put them into the hands of the assignees for the purpose of their paying a debt due from him to Crawford, the case does not come within any former decision that an implied promise to A by B,·to pay money to C, will support an action thereon by C. And we are disinclined to any extension of that anomalous doctrine beyond the decisions which have been heretofore· made, and which are noticed in *Mellen* v. *Whipple*, 1 Gray, 322, 323. The present case, therefore, comes within the established general rule, that a party is not chargeable in the trustee process, unless he is liable, in an action, to the principal defendant, or has in possession chattels of his, which might be seized and sold on execution. The facts of the case do not bring it within any exception which has been made to that rule.

*Trustees discharged.*